UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MONIQUE POLAR

VERSUS

WAL-MART LOUISIANA, LLC

CIVIL ACTION

NUMBER 12-235-BAJ-SCR

### ORDER TO AMEND NOTICE OF REMOVAL

Defendant Wal-Mart Louisiana, LLC, removed this case asserting subject matter jurisdiction under 28 U.S.C. § 1332, diversity of citizenship. In the Notice of Removal the defendant alleged that it is "a Delaware limited liability company with its principal place of business in Bentonville, Arkansas."

When jurisdiction depends on citizenship, the citizenship of each party must be distinctly and affirmatively alleged in accordance with § 1332(a) and (c).[1]

Under § 1332(c)(1) a corporation is deemed to be a citizen of any state in which it is incorporated, and of the state in which it has its principal place of business. For purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members.[2] Thus, to properly

---

[1] *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991), *citing*, *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)(quoting 2A Moore's Federal Practice ¶ 8.10, at 1662).

[2] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *see Carden v. Arkoma Associates*, 494 U.S. 185, 110
(continued...)

allege the citizenship of a limited liability company, the party asserting jurisdiction must identify each of the entity's members and the citizenship of each member in accordance with the requirements of § 1332(a) and (c).[3]

Defendant's jurisdictional allegations are not sufficient to establish diversity jurisdiction. Because the defendant is a limited liability company, the state where it is organized and where it has its principal place of business does not determine its citizenship.[4]

Therefore;

IT IS ORDERED that defendant Wal-Mart Louisiana, LLC, shall have 14 days to file an Amended Notice of Removal which properly alleges its citizenship.

**Failure to comply with this order may result in the case being remanded for lack of subject matter jurisdiction without further**

---

[2](...continued)
S.Ct. 1015, 1021 (1990).

[3] The same requirement applies to any member of a limited liability company which is also a limited liability company or a partnership. *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154 (M.D.La. Sept. 24, 2007)(when partners or members are themselves entities or associations, citizenship must be traced through however many layers of members or partners there are).

[4] Although the court knows from experience in other cases in which Wal-Mart Louisiana, LLC is a party that it is a citizen of Arkansas, the court cannot simply substitute its knowledge for the allegations which should be in the Notice of Removal. The better course is for the defendant to file an amended notice which includes the necessary jurisdictional allegations.

2

Case 3:12-cv-00235-BAJ-SCR   Document 2   04/24/12   Page 2 of 3

**notice.**

Baton Rouge, Louisiana, April 24, 2012.

/s/ Stephen C. Riedlinger
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE